UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

Kwabena Smikle,

Case No.: 22-70761-AST
Chapter 7

Debtor.
---------------------------------------------------------------x
Antonia Malakatas,
Plaintiff,

-against-

Adv. Pro. No. 22-08053-AST

Kwabena Smikle,

Defendant.
---------------------------------------------------------------x

**DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

*Issues before the Court*

Pending before the Court is the motion for summary judgment ("Summary Judgment") filed by Debtor, Kwabena Smikle ("Defendant"). Defendant seeks summary judgment in this adversary proceeding filed by Antonia Malakatas ("Plaintiff"), who seeks a determination that certain legal fees incurred in connection with both custody and support actions are nondischargeable domestic support obligations. Because Debtor has failed to meet his burden of proof, Summary Judgment is denied.

*Background and Procedural History*[1]

[1] The factual background and procedural history are taken from the pleadings, exhibits and other papers submitted by the parties and the public dockets in this case. Local Bankruptcy Rule 7056-1 requires that a party seeking summary judgment file a statement of facts the party alleges to be without a genuine dispute, and that each fact be supported by a citation to admissible evidence in the summary judgment record as required by Rule 56(c) of the Federal Rules. *See* FED. R. CIV. P. 7056(e); E.D.N.Y. LBR 7056-1. Similarly, facts alleged by a party opposing summary judgment must be set out in a LBR 7056-1 statement supported by admissible testimonial or documentary evidence, and with citation to conflicting testimonial or documentary evidence as required by Rule 56(c); a party may not simply deny alleged material facts by a conclusory statement, or without citation to admissible evidence. This Court has not considered any fact alleged by Plaintiff or Defendant which is not properly sourced or supported. This Court has also accepted as true properly supported facts alleged by Plaintiff and Defendant which have not been

Defendant and Plaintiff are the parents of a son born on August 17, 2014. In or about 2016, Plaintiff brought an action against Defendant before the Family Court of the State of New York, Suffolk County (the "Family Court"), seeking child support and to determine custody. They were not married at any relevant time, and the Family Court action did not involve either party seeking a divorce.

On December 28, 2016, the Family Court entered an order that Defendant remit child support payments to Plaintiff for their son (the "Support Order").

On September 6, 2017, Plaintiff and Defendant entered a stipulation with the Family Court resolving custody of their son (the "Custody Stipulation").

On October 13, 2017, Plaintiff and Defendant entered into a stipulation amending the Support Order (the "Downward Stipulation"). The Downward Stipulation was approved by the Family Court on the same date (the "Consent Order").

On November 28, 2017, Plaintiff brought a motion before the Family Court seeking an award for legal fees accrued in connection with the Custody Stipulation, the Downward Stipulation, and the Consent Order.

On June 28, 2018, the Family Court granted the fee motion and awarded Plaintiff legal fees in the amount of $55,818.74 plus statutory interest (the "Legal Fee Order"). Defendant appealed the Legal Fee Order, but the appeal was dismissed by Appellate Division, Second Department, on November 6, 2018.

On March 5, 2019, the Family Court entered a money judgment in the amount of $55,818.74 (the "Money Judgment") in favor of Jennifer H. Goody, Esq., ("Goody"). The Money Judgment was recorded in the Suffolk County Clerk's Office on April 5, 2019.

---

properly refuted or challenged by Plaintiff or Defendant. *See* FED. R. CIV. P. 7056(e); E.D.N.Y. LBR 7056-1; *Meredith Corp. v. Sesac, LLC*, 1 F. Supp. 3d 180, 186 n.3 (S.D.N.Y. 2014).

On April 15, 2022, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code").[2] Defendant scheduled an unsecured claim held by Goody in the amount of $68,345.62 on Schedule E/F of the petition.

On May 19, 2022, Goody assigned all rights, title, and interest in the Money Judgment to Plaintiff.

On June 15, 2022, Plaintiff filed a proof of claim against Defendant for the Money Judgment in the amount of $74,908.75.[3]

On June 22, 2022, Plaintiff brought the present adversary proceeding seeking a determination that all amounts owed to Plaintiff by Defendant on account of the Legal Fee Order are nondischargeable pursuant to Section 523(a)(5). *See* 11 U.S.C. § 523(a)(5). No other legal theories were or have been asserted by Plaintiff. Specifically, in her Complaint, Plaintiff asserts that she seeks legal fees "incurred in connection with the Family Court Action, particularly in the light of delays, misrepresentation, attorney changes, and various other frivolous actions taken by …[Debtor] to delay, hinder, or frustrate … [her] in the Family Court Action."

On July 23, 2022, Defendant filed a motion to dismiss (the "Motion to Dismiss") the adversary proceeding with prejudice. *See* Dkt. No. 5. Defendant argued that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, asserting that Plaintiff's claim is not a domestic support obligation

---

2 The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*. Any reference(s) herein to "Section[s]" or "§[§]" shall refer to the indicated section(s) of the Bankruptcy Code. The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq.* and are identified herein as "Bankruptcy Rule __." The Federal Rules of Civil Procedure are set forth in Fed. R. Civ. P. 1 *et seq.* and are identified herein as "Rule __."

3 Defendant seems to acknowledge that debt has increased from $68,345.62 to $74,908.75 due to the statutory rate of interest allowed by the State of New York. *See* Motion to Dismiss, Dkt. No. 5.

under Section 523(a)(5), as the Legal Fee Order did not contain a financial analysis or a mention of support for either Plaintiff or their child. *See id.*

On October 3, 2022, Plaintiff filed an objection to the Motion to Dismiss. *See* Dkt. No. 7. In her objection, Plaintiff argued that the Complaint plead sufficient facts to state a claim and that Plaintiff's claim is a domestic support obligation under Section 523(a)(5) as it satisfies the requirements under Section 101(14A). *See* 11 U.S.C. § 101(14A). [4] Specifically, Plaintiff argues that subsection (A) of Section 101(14A) is satisfied as the Legal Fee Order was originally made in Plaintiff's name, that subsection (B) is satisfied because the Legal Fee Order was awarded so that Plaintiff could prosecute the allegedly frivolous actions brought by Defendant in Family Court, making them "in the nature of alimony, maintenance, or support," that subsection (C) is satisfied

---

[4] Section 101(14A) provides:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> (A) owed to or recoverable by--
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
>
> (i) a separation agreement, divorce decree, or property settlement agreement;
>
> (ii) an order of a court of record; or
>
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

because the Legal Fee Order and Money Judgment are "order[s] of a court of record," and that subsection (D) is satisfied as the Legal Fee Order was not assigned to a nongovernmental entity. *See id.*; 11 U.S.C. § 101(14A).

On September 13, 2022, at a hearing on the Motion to Dismiss, the Court converted the Motion to Dismiss to a Motion for Summary Judgment ("Summary Judgment") in accordance with Bankruptcy Rule 7012, incorporating Rule 12(d). All parties were given "a reasonable opportunity to present all the material" pertinent to the motion.

On September 22, 2022, Defendant filed a memorandum of law in support of Summary Judgment. *See* Dkt. No. 10. Defendant argues that Summary Judgment should be granted because the Money Judgment was made in the name of Goody, and the Legal Fee Order was awarded in relation to custody proceedings, which do not typically involve financial or support analysis. *See id.*

On October 11, 2022, Plaintiff filed a response arguing courts have held that legal fees intended to compensate a plaintiff for a defendant's actions have been held to be nondischargeable and that it is irrelevant that Goody, her attorney, is the named payee on the Money Judgment. *See* Dkt. No. 12.

*Discussion*

There are two distinct issues here. First, for Plaintiff to ultimately prevail, she must prove that the debt created by the Legal Fee Order satisfies all of the requirements under the definition of "domestic support obligation" ("DSO") in Section 101(14A). Second, for Defendant to prevail on Summary Judgment, he must establish that there are no genuine issues of material fact on at least one element of Plaintiff's Section 523(a)(5) claim, and that he is entitled to judgment as a matter of law.

*Summary judgment standard*

Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056(c), provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (*quoting* Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

The Second Circuit has repeatedly noted that, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp.*, 477 U.S. at 330 n.2 (1986) (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995); *Burrell v. City Univ. of New York*, 894 F. Supp. 750, 757 (S.D.N.Y. 1995). "If, when viewing the evidence produced in the light most favorable to the non-movant,

there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001); *see Burrell*, 894 F. Supp. at 758 (citing *Binder v. Long Island Lighting Co*., 933 F.2d 187, 191 (2d Cir. 1991)).

*Requirements of Section 101(14A)*

Section 727(b) provides that any debt which is not dischargeable under Section 523 is nondischargeable in a chapter 7 case; however, certain of these types of debts require affirmative action by the creditor to timely seek a determination of nondischargeability. *See* 11 U.S.C. § 727(b). Section 523(a)(5) provides that a debt "for a domestic support obligation," as defined under Section 101(14A), is nondischargeable. *See* 11 U.S.C. § 523(a)(5) This Court will therefore separately discuss each of the 101(14A) elements.

*Whether the Legal Fee Order is owed to or recoverable by the child of the debtor or the Plaintiff*

The first requirement is that the debt must be "owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative." 11 U.S.C. § 101(14)(A)(i). Here, there is a disagreement between the parties as to whether the debt is owed to Plaintiff or Goody. However, in the Second Circuit, the name of the payee is not determinative. A DSO may arise where the payee is someone other than the parties expressly found in the above statutory list. *See Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 593 (2d Cir. 2002) ("Our case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in §523(a)(5) in order to be nondischargeable."). Multiple courts, including this one, have held that attorneys' fees awarded to an attorney in matrimonial, custody, or support hearings may fall under the purview of Section 101(14)(A)(i), even though they are payable directly to the attorney. *See Pauley v. Spong (In re Spong)*, 661 F.2d 6, 7-11 (2d Cir. 1981); *In re Rogowski*, 462 B.R. 435, 444 (Bankr. E.D.N.Y. 2011); *Gilman v.*

*Gollio (In re Golio)*, 393 B.R. 56, 63 (Bankr. E.D.N.Y. 2008); *but see Martelloni v. Martelloni* (*In re Martelloni),* 2013 WL 5873264, at *4 (Bankr. E.D.N.Y. 2013) (former in-laws do not have standing to assert a claim under Section 523(a)(15)).

Thus, here, it is not dispositive whether the obligations of Debtor owed under the Legal Fee Order and Money Judgment is owed to Plaintiff or Goody.

*Whether the Legal Fee Order is in the nature of alimony, maintenance, or support of the child of the debtor or the Plaintiff*

The second requirement is that the debt be "in the nature of alimony, maintenance, or support of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated." 11 U.S.C. § 101(14)(B). The Second Circuit has concluded that legal fees arising from custody proceedings involving a nonspouse can satisfy this requirement. *See Maddigan*, 312 F.3d at 597. Despite this, "a debt for legal services incurred by a nonspouse parent as part of custody proceedings is [not] always for the benefit of a child within the meaning of § 523(a)(5)"; such a determination is a fact-intensive inquiry, requiring the bankruptcy court to examine whether the debt was in the nature of support for the child or for such child's parent. *Id.* at 594; *see Galati v. Navarrete (In re Galati)*, 2018 WL 2997017, at *4 (Bankr. E.D.N.Y. June 12, 2018); *see also Monassebian v. Monassebian (In re Monassebian)*, 643 B.R. 388, 395 (Bankr. E.D.N.Y. 2022) (discussing similar issues in the context of a section 523(a)(15) dispute).

The Summary Judgment record does not inform this Court on whether the Family Court awarded the fees in consideration of the financial interests of Plaintiff or the child. Neither party provided Goody's billing statements that may well have described the services that were rendered that related to the custody issues and the support issues. Neither party provided this Court with any transcripts of any hearings at which either these fees were incurred or were awarded. Neither party

provided this Court with any evidence from which this Court could conclude whether the fees were awarded under New York's fee shifting provisions or as sanctions or on some other basis. *See In re Maddigan*, 312 F.3d at 595 (finding that a legal fee award made in relation to a custody proceeding was a domestic support obligation where the family court order discussed factors such as the claimant's "income, limited assets and resources, financial obligations, and inability to pay legal fees"); *In re Galati*, 2018 WL 2997017 at *5 (finding that a legal fee award stemming from a custody proceeding could not be classified as a domestic support obligation where the order did not cite to any factors the family court considered in granting the award). Here, in the Legal Fee Order, the Family Court addresses "the direct actions of the [Defendant] and the attendant, lengthy and inordinate delays caused thereby" as factors for granting attorney's fees. *See* Dkt. 5, Ex. B. However, the Legal Fee Order does not mention economic factors such as those discussed by the *Maddigan* or *Galati* courts. *See* 312 F.3d at 595; 2018 WL 2997017 at *5.

This Court faced a similar issue in *In re Rogowski*. There, after holding that attorney's fees awarded to an attorney in a matrimonial case could constitute a DSO, this Court addressed New York State Domestic Relations Law § 237 (McKinney 2011), which authorizes a court in a divorce proceeding to order one spouse to pay the other spouse's attorney's fees "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. There shall be [a] rebuttable presumption that counsel fees shall be awarded to the less monied spouse." N.Y. Dom. Rel. Law § 237(a). In *Rogowski*, it appeared "that the Nassau County Supreme Court held a hearing on matrimonial attorney's fees .… While the record of that hearing is not in evidence before this Court, there is clear evidence in this Court's record of CER's financial need that supports the state court's award of matrimonial attorney's fees to CER.…" *In re Rogowski*, 462 B.R. at 446.

Here, this Court has no briefing from the parties as to whether fees awarded in a custodial dispute can also be shifted based on economic need or on some other basis under New York State Domestic Relations Law and, if so, whether that analysis was performed by the Family Court. Similarly, although at least some of the fees may have been awarded in connection with an award of child support, this Court has no briefing from the parties as to whether fees awarded in a child support dispute can also be shifted based on economic need or some other basis under New York State Domestic Relations Law and, if so, whether that analysis was performed by the Family Court.

The Second Circuit has advised courts to construe Section 523(a)(5) broadly and Congress expanded the scope of what may constitute a DSO under the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amendments. The Summary Judgment record is simply inadequate to determine that the debts at issue here cannot be characterized as a DSO as a matter of law. Thus, Defendant cannot prevail on Summary Judgment. *See In re Spong*, 661 F.2d at 9; *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 296 (Bankr. S.D.N.Y. 1991); *In re Rogowski*, 462 B.R. at 445.

*Whether the Legal Fee Order was established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of an order of a court of record*

The third requirement is that the debt be established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of an order of a court of record. *See* 11 U.S.C. § 101(14)(C)(ii). Here, the Legal Fee Order was entered on June 28, 2018. On March 5, 2019, the Family Court entered the Money Judgment for the debt. Defendant filed Chapter 7 on April 15, 2022. On May 19, 2022, Goody assigned the right to collect the Money Judgment to Plaintiff. Based on the date of the Legal Fee Order and the Money Judgment, regardless of which date one uses, the dates fall under the purview of the statute

as the debt was established "before . . . the date of the order for relief." The fact of the post-petition assignment is irrelevant, as the underlying debt arose pre-petition.

*Whether the Legal Fee Order was assigned to a nongovernmental entity*

The final requirement of the statute is that the debt must not have been assigned to a non-governmental entity. *See* 11 U.S.C. § 101(14)(D). Here, the debt was not assigned to a non-governmental entity and therefore satisfies the final prong.

*Conclusion*

Because Defendant has failed to demonstrate the absence of any genuine issues of material fact that the Legal Fee Order and the Money Judgment do not satisfy any element of Section 101(14A), Summary Judgment is denied.

Based on the foregoing, and after due deliberation, and for good cause shown, its hereby

**ORDERED**, that Defendant's Motion for Summary Judgment is DENIED; and it is further

**ORDERED**, that this Court shall issue a trial scheduling order.

Dated: December 9, 2022
Central Islip, New York

United States Bankruptcy Court
Eastern District of New York

Alan S. Trust
Chief United States Bankruptcy Judge